# EXHIBIT "A"

# NATIONAL REGISTERED AGENTS, INC

## SERVICE OF PROCESS SUMMARY TRANSMITTAL FORM

To: CRAIG G. JOHNSON
Professional Placement Services, LLC
272 N 12th St
Milwaukee, WI 53233-2604

SOP Transmittal #   **530543230**

866-286-4469 - Telephone

Entity Served:   PROFESSIONAL PLACEMENT SERVICES, LLC  (Domestic State: WISCONSIN)

Enclosed herewith are legal documents received on behalf of the above captioned entity by National Registered Agents, Inc or its Affiliate in the State of GEORGIA on this 20 day of January, 2017. The following is a summary of the document(s) received:

1. **Title of Action:**  MORGAN A. TAYLOR, on behalf of herself and all others similarly situated, Pltfs. vs. PROFESSIONAL PLACEMENT SERVICES, LLC, Dft

2. **Document(s) Served:**  Other: Attachment(s)/Summons/Complaint

3. **Court of Jurisdiction/Case Number:** DeKalb County Superior Court, GA
Case # 16CV12181

4. **Amount Claimed, if any:**  N/A

5. **Method of Service:**

   _X_ Personally served by:     _X_ Process Server     ___ Law Enforcement     ___ Deputy Sheriff     ___ U. S Marshall

   ___ Delivered Via:          ___ Certified Mail     ___ Regular Mail     ___ Facsimile

   ___ Other (Explain):

6. **Date and Time of Receipt:**  01/20/2017 12:50:00 PM CST

7. **Appearance/Answer Date:**  Within 30 days after service of this summons upon you, exclusive of the day of service

8. **Received From:**   James M. Feagle          9. **Carrier Airbill #** 1ZY041160193109419
   SKAAR & FEAGLE, LLP
   2374 Main Street
   Suite B                    10. **Call Made to:** Not required
   Tucker, GA 30084
   404-373-1970

11. **Special Comments:**
SOP Papers with Transmittal, via  UPS Next Day Air

Image SOP

Email Notification,  CRAIG G. JOHNSON  CJOHNSON@PAYPPS.COM

**NATIONAL REGISTERED AGENTS, INC**                    **CopiesTo:**

Transmitted by  Shakinah Edwards

The information contained in this Summary Transmittal Form is provided by National Registered Agents, Inc for informational purposes only and should not be considered a legal opinion. It is the responsibility of the parties receiving this form to review the legal documents forwarded and to take appropriate action.

ORIGINAL

Date Filed 01/10/2017

State Court

Georgia, DeKalb County

MORGAN A. TAYLOR, on behalf of herself and all others similarly situated

Attorney's Address

**SKAAR & FEAGLE, LLP**
**2374 Main Street, Suite B**
**Tucker, GA  30084**

Plaintiff

VS.

PROFESSIONAL PLACEMENT SERVICES, LLC

Name and Address of Party to be Served

PROFESSIONAL PLACEMENT SERVICES, LLC

c/o National Registered Agents, Inc.,

Defendant

1201 Peachtree Street NE, Suite 1240, Atlanta, GA 30361

Garnishee

## MARSHAL/SHERIFF'S ENTRY OF SERVICE

I have this day served the defendant _____ personally with a copy
of the within action and summons.

I have this day served the defendant _____ by leaving
a copy of the action and summons at his most notorious place of abode in this County.

Delivered same into hands of _____ described as follows
age, about _____ years; weight, about _____ pounds; height, about _____ feet and _____ inches, domiciled at the residence of
defendant.

Served the defendant _Professional Placement Services_ a corporation
by leaving a copy of the within action and summons with _C. Howard_
in charge of the office and place of doing business of said Corporation in this County.

I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the
premises designated in said affidavit, and on the same day of such posting by depositing a true copy of same in the United States
Mail, First Class in an envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage
affixed thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons.

Diligent search made and defendant _____
not to be found in the jurisdiction of this Court.

This _20_ day of _Jan_, 20_13_.

_____ DEPUTY

SHERIFF DOCKET _____ PAGE _____

FILED 11/18/2016 3:55:01 PM CLERK OF SUPERIOR COURT DEKALB COUNTY GEORGIA

## IN THE SUPERIOR COURT OF DEKALB COUNTY
## STATE OF GEORGIA

16CV12181

Civil Action # _____

**MORGAN A. TAYLOR, on behlaif of herself**
**and all others similarly situated,**

_____

_____
                    Plaintiff

                VS

**PROFESSIONAL PLACEMENT**
**SERVICES, LLC**

_____

_____
                    Defendant

# SUMMONS

## TO THE ABOVE NAMED DEFENDANT:

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

**SKAAR & FEAGLE, LLP**
**2374 Main Street, Suite B**
**Tucker, GA 30084**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This _____**18TH**_____ day of _____**NOVEMBER**_____, 20___**16**___.

                                        **DEBRA DEBERRY**
                                        **Clerk of Superior Court**
                                              Paula King

                                        By_____
                                                    Deputy Clerk

Instructions: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.

FILED 11/18/2016 3:55:01 PM CLERK OF SUPERIOR COURT DEKALB COUNTY GEORGIA

IN THE SUPERIOR COURT OF DEKALB COUNTY
STATE OF GEORGIA

MORGAN A. TAYLOR, on behalf of          :
herself and all others similarly situated,   :
                                         :
        Plaintiffs,                      :
                                         :
                                         :    Civil Action File No.
v.                                       :        16CV12181
                                         :
PROFESSIONAL PLACEMENT                   :
SERVICES, LLC,                           :    **Jury Trial Demanded**
                                         :
        Defendant.                       :
                                         :

## CLASS ACTION COMPLAINT

### INTRODUCTION

1.    Plaintiff MORGAN A. TAYLOR seeks redress on behalf of herself and all others similarly situated who subscribe to a cellular telephone number that Defendant made or initiated telephone calls to such telephone number using an artificial or prerecorded voice message and/or using an automatic telephone dialing system without the prior express consent of the called party. Plaintiff alleges that Defendant's conduct violated the Telephone Consumer Protection Act [TCPA], 47 U.S.C. § 227, and the regulations promulgated thereunder, 47 CFR § 64.1200.

1

## SUBJECT MATTER JURISDICTION

2.    Plaintiff brings this action for violations of the TCPA, a federal statute,

pursuant to a private right of action conferred by Congress. *See* 47 U.S.C. §

227(b)(3). "[F]ederal law is as much the law of the several States as are the

laws passed by their legislatures. Federal and state law 'together form one

system of jurisprudence, which constitutes the law of the land for the

State[.]'" *Haywood v. Drown*, 556 U.S. 729 (2009).

3.    Accordingly, "state courts have inherent authority, and are thus

presumptively competent, to adjudicate claims arising under the laws of the

United States." *Id. See also*, *Schneider v. Sasquehanna Radio Corp.*, 581

S.E.2d 603, 609 (Ga. App. 2003) ("We recently construed the TCPA as

creating a private right of action in Georgia and conferring jurisdiction over

such an action upon our state courts.") *citing Hooters of Augusta, Inc. v.*

*Nicholson*, 537 S.E.2d 468, 470 (Ga. App. 2000) ("[W]e will not construe

the TCPA in a manner which leaves Georgia citizens without a remedy").

4.    "So strong is the presumption of concurrency that it is defeated only in two

narrowly defined circumstances: first, when Congress expressly ousts state

courts of jurisdiction, [cits.] and second, '[w]hen a state court refuses

jurisdiction because of a neutral state rule regarding the administration of the

2

courts,' [cits.] Focusing on the latter circumstance, we have emphasized that only a neutral jurisdictional rule will be deemed a 'valid excuse' for departing from the default assumption that 'state courts have inherent authority, and are thus presumptively competent, to adjudicate claims arising under the laws of the United States.'" *Haywood.*

5. Georgia Courts permit plaintiffs to bring actions specifically authorized by statute regardless of whether or not Article III jurisdiction would exist in Federal Court. *See, e.g., Brissey v. Ellison,* 526 S.E.2d 851 (Ga. 2000) (In a case remanded from Federal Court for lack of Article III standing, recognizing that O.C.G.A. § 9-6-24 grants citizens standing to seek an injunction in Superior Court based merely upon the interest of having the laws executed and public duties enforced).

6. "[T]he constraints of Article III do not apply to state courts, and accordingly the state courts are not bound by the limitations of a case or controversy or other federal rules of justiciability even when they address issues of federal law, as when they are called upon to interpret the Constitution or, in this case, a federal statute." *Asarco v. Kadish,* 490 U.S. 605, 617 (1989).

7. Accordingly, regardless of whether or not the below allegations would be sufficient to establish concrete and particularized injury for jurisdiction in federal courts under Article III, the Supremacy clause in the United States

Constitution requires this court to entertain jurisdiction over plaintiff's

federal claims without discrimination. *Haywood*.

8.    Notwithstanding, and as detailed below, as a result of Defendant's conduct,

Plaintiff has incurred damages and concrete and particularized injuries

which are real, actually exist, and are personal to the Plaintiff.  Such injuries

were caused by and are traceable to Defendant's conduct, and Plaintiff seeks

redress in the form of damages.


## PARTIES, PERSONAL JURISDICTION, AND VENUE

9.    Plaintiff is a natural person who resides in DeKalb County, Georgia, and is

authorized by law to bring this action.

10.   Defendant PROFESSIONAL PLACEMENT SERVICES, LLC [hereinafter

Defendant referred to as "PPS"] is a limited liability company organized

under the laws of the state of Wisconsin.

11.   Defendant PPS operates as a national debt collector for the healthcare,

government and specialized industries and is based out of Milwaukee,

Wisconsin.

12.   PPS conducts its business throughout the country and specifically makes

collection calls to individuals that are located within the State of Georgia.

13.   In the course of its business, PPS initiated telephone calls to Plaintiff's

4

cellular telephone within DeKalb County, Georgia.

14. Plaintiff's causes of action against PPS arise from telephone calls to her cellular telephone number within DeKalb County, Georgia.

15. The injuries alleged by Plaintiff herein were incurred within the State of Georgia and DeKalb County, Georgia.

16. PPS is subject to the jurisdiction and venue of this Court.

17. PPS may be served by personal service upon its registered agent in Georgia, to wit: National Registered Agents, Inc., 1201 Peachtree Street NE, Suite 1240, Atlanta, GA 30361.

18. Alternatively, PPS may be served by personal service upon its registered agent in Wisconsin, to wit: Craig Johnson, 272 N. 12th Street, Milwaukee, WI 53233.

19. Other defendants may be discovered in the course of litigation. As such, Plaintiff respectfully requests that this Court permit the addition of later discovered Defendants upon motion.

## FACTUAL ALLEGATIONS

20. The named Plaintiff has been the sole subscriber and regular user of cellular telephone service for telephone number (770) 815-9759 for a period in excess of four years from the date of the filing of this action.

21.    In the four year period preceding the filing of this action, PPS has initiated a series of telephone calls to Plaintiff's cellular telephone number using artificial or prerecorded voice messages.

22.    In the four year period preceding the filing of this action, PPS has initiated a series of telephone calls to Plaintiff's cellular telephone number using an automatic telephone dialing system.

23.    Plaintiff received at least five calls to her cellular telephone number between July and September of 2015, in which PPS left a prerecorded collection message after each call.

24.    The prerecorded messages contain exactly the same message and are spoken in the same voices as follows:

**"Professional Placement Services, calling with a message. This call is from a debt collector. Please call us back at 855-777-0312.  Again that number is 855-777-0312.  Thank You."**

25.    PPS used an artificial or prerecorded voice message when it initiated calls to Plaintiff and the class.

26.    The telephone calls to Plaintiff's cellular telephone number, and the class members, were initiated using contact center software.

27.    PPS website touts the use of advanced technology on its website, including an overview of various products and services it utilize. http://paypps.com/

6

advanced-technology/ (last visited November 12, 2016)

28. PPS uses FACS (Flexible Automated Collection System), a state-of-the-art software program, for collection, which is licensed by Ontario Systems Corporation.

29. PPS' Link option connects them with collection vendors, such as skiptracing, credit bureau reporting, bankruptcy and letter services.

30. Integrated with PPS' FACS is an Automated Dialer.

31. PPS uses call recording technology integrated with their Automated Dialer that records all inbound or outbound calls through the dialer, subject to individual state restrictions.

32. PPS has unlimited reporting capabilities and is able to return demographic as well as statistical data to its clients in the format they require.

33. PPS uses multiple Microsoft Windows based servers to manage the collection database and facilitate the exchange of information both in-house and with its collection clients.

34. PPS makes Full backups of the database and network devices on a daily basis to removable media and stored off site.

35. PPS uses or has used such contact center software during the last four years.

36. PPS used such contact center software dialing system when calling Plaintiff.

37. The software has a feature called "unattended messaging" which permits the

7

dialer to dial a list of telephone numbers and play prerecorded voice mail messages without any natural person taking calls in the campaign.

38.    In "unattended messaging" mode, calls are strictly dialed by the technology without any human intervention.

39.    PPS's FACS software, in conjunction with its dialer, has the ability to store telephone numbers.

40.    PPS's FACS software, in conjunction with its dialer, stores telephone numbers.

41.    PPS's dialer, in conjunction with its FACS software, has the ability to generate telephone numbers to be called from a stored database for the purposes of dialing such numbers.

42.    PPS's dialer, in conjunction with its FACS software, generates telephone numbers to be called from a stored database for the purposes of dialing such numbers.

43.    PPS's dialer, in conjunction with its FACS software, generates telephone numbers from a stored database either at random or in an order that is preset by a dialer manager or determined by algorithm.

44.    PPS's dialer, in conjunction with its FACS software, dials telephone numbers.

45.    PPS's dialer, in conjunction with its FACS software, dials telephone

numbers from a stored database.

46.    PPS's dialer, in conjunction with its FACS software, has the capacity to dial from a database of stored telephone numbers without human intervention.

47.    PPS's dialer, in conjunction with its FACS software, constitutes a system which has the capacity to store telephone numbers to be called, using a random or sequential number generator, and to dial such numbers.

48.    Use of an unattended artificial or prerecorded voice message without Plaintiff's prior express consent, itself represents a violation of the TCPA; moreover, initiating calls coupled with the use of unattended voice recordings evidences the use of an automatic telephone dialing system.

49.    All of the calls that PPS initiated to Plaintiff's cellular telephone number, and to the class, were initiated using software which has the capacity to predicatively dial.

50.    PPS used an automatic telephone dialing system to initiate calls to Plaintiff and to the class.

51.    Plaintiff called PPS to find out why they kept calling her and was advised they were actually trying to reach an individual identified as Amy Porter.

52.    Plaintiff does not know of any such person with the name Amy Porter.

53.    Plaintiff did not provide PPS with her prior express consent for PPS to initiate calls to her cellular telephone number using an artificial or

9

prerecorded voice message or using an automatic telephone dialing system.

54.   PPS is a member of ACA International, and as a member of ACA International, a credit and collection trade organization, PPS is provided access to substantial up-to-date literature on TCPA compliance particularly concerning businesses in the credit and collection industry, including fastfaxes and listserv material.

55.   Manufacturers and vendors of dialing software, hardware and equipment, such as that employed by PPS, routinely provide their clients manuals and other media concerning TCPA compliance, in particular scrubbing or flagging of cellular telephone numbers.

56.   PPS knew, or should have known, about the TCPA and its compliance obligations as a debt collector thereunder.

57.   In order to ensure compliance with its TCPA obligations, PPS should have conducted a simple scrub of cellular telephone numbers using a recognized database, such as Neustar, to determine that (770) 815-9759, and class members' telephone numbers, were cellular telephone numbers.

58.   The failure to properly scrub to determine whether (770) 815-9759, and class members' telephone numbers, were cellular telephone numbers was in reckless disregard of PPS's TCPA obligations.

59.   The telephone calls to Plaintiff's cellular telephone, and to class members,

10

were initiated intentionally using artificial or prerecorded voice messages.

60. The telephone calls to Plaintiff's cellular telephone, and to class members, were initiated intentionally using an automatic telephone dialing system.

61. The telephone calls to Plaintiff's cellular telephone, and to class members, were initiated willfully and/or knowingly using artificial or prerecorded voice messages.

62. The telephone calls to Plaintiff's cellular telephone, and to class members, were initiated willfully and/or knowingly using an automatic telephone dialing system.

63. The telephone calls to Plaintiff's cellular telephone number, and to the class members, were inconvenient, annoying, a nuisance, invaded Plaintiff's and class members' privacy, deprived Plaintiff and class members of their statutorily created right to be free of such calls, and temporarily occupied use of Plaintiff's and class members' telephone lines.

64. All conditions precedent to bringing this action have been complied with.

## CLASS ACTION ALLEGATIONS

65. This action is brought on behalf of a class defined as (i) all persons to whom a call was initiated by or on behalf of PPS to (ii) such person's cellular telephone number (iii) using the same or similar telephone dialing system(s)

11

used by Defendant to call (770) 815-9759 (iv) in the four year period preceding the filing of this action, through the date of class certification; (v) where the telephone number was obtained by PPS from the same source that PPS obtained telephone number (770) 815-9759.

66. Plaintiff alleges a subclass of all such persons who have notified PPS that he or she did not incur the debt upon which PPS was calling to collect.

67. The exact size of the class is information within the exclusive knowledge of the Defendant.

68. The class is so numerous that joinder of all members is impractical.

69. The allegation of the previous paragraph is likely to have evidentiary support after a reasonable opportunity for further investigation or discovery. This allegation is based upon the following information: 1) Plaintiff herself received no less than five calls to her cellular telephone from PPS during a several month period, indicating Defendant did not scrub to remove cellular telephone numbers for at least several months; 2) the very purpose of automated dialers is to call numerous persons in a short amount of time, and Plaintiff received multiple calls to her cellular telephone; and 3) the sheer size and scope of PPS's collection nationwide campaigns.

70. There are questions of law and fact common to the class, which common issues predominate over any issues involving only individual class members.

12

The principal issues are:

    a.  Whether PPS's dialing system(s) constitutes an automatic telephone dialing system under the TCPA and/or the FCC's rules;

    b.  Whether PPS's voice messages used an artificial or prerecorded voice under the TCPA and/or the FCC's rules; and

    c.  Whether the telephone calls were made knowingly or willfully.

71.    The claims of the Plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

72.    Plaintiff will fairly and adequately protect the interests of the class. He has retained counsel experienced in handling TCPA robocall actions and class actions. Neither Plaintiff nor his counsel have any interests which might cause them not to vigorously pursue this action.

73.    Certification of the class under O.C.G.A. § 9-11-23(b)(2) is appropriate in that the Defendants have acted on grounds that apply generally to the class, so that final injunctive relief is appropriate respecting the class as a whole.

74.    Certification of the class under O.C.G.A. § 9-11-23(b)(3) is appropriate in that:

    a.    The questions of law or fact common to the members of the class predominate over any questions affecting an individual member.

    b.    A class action is superior to other available methods for the fair and

13

efficient adjudication of the controversy. Class treatment will permit

a large number of similarly situated persons to prosecute their

common claims relating to Defendant's autodialed calls to their cell

phones in a single forum simultaneously, efficiently, and without the

duplication of effort and expense that numerous individual lawsuits

would entail. Absent a class action, many members of the class will

likely not even obtain relief, whether because they are unaware of

their right to relief from the harm caused by Defendant's illegal

practices, due to the prohibitive time and monetary cost inherent in

individual litigation, or otherwise.

75.   Plaintiff requests certification of a class pursuant to O.C.G.A. § 9-11-23(b)(3)

for his claims for monetary damages and for certification of a class for

injunctive relief to enjoin Defendants from further use of its dialer pursuant

to O.C.G.A. § 9-11-23(b)(2).

## CAUSES OF ACTION

### COUNT ONE: MONETARY DAMAGES PURSUANT TO
### 47 U.S.C. §227(b)(3)(B) FOR IMPROPER USE OF ARTIFICIAL OR
### PRECORDED VOICE MESSAGES

76.   The acts of Defendant constitute violations of the Telephone Consumer

Protection Act's prohibitions on the use of artificial or prerecorded voice

messages and the regulations promulgated thereunder.

77. Defendant made and/or initiated telephone calls using an artificial or prerecorded voice message to telephone numbers assigned to cellular telephone service, in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 CFR § 64.1200(a)(1)(iii).

78. As a result of Defendant's actions, Plaintiff and the members of the class are entitled to an award of damages of $500.00 for each such violation pursuant to 47 U.S.C. § 227(b)(3)(B).

79. Defendant's violations were committed willfully.

80. Defendant's violations were committed knowingly.

81. Plaintiff, on behalf of herself and the class, requests the court treble damages pursuant to 47 U.S.C. § 227(b)(3).


**COUNT TWO: INJUNCTIVE RELIEF PURSUANT TO 47 U.S.C. §227(b)(3)(A) TO REQUIRE DEFENDANT CEASE UNLAWFUL USE OF ARTIFICIAL OR PRERECORDED VOICE MESSAGES**

82. The acts described above constitute violations of the Telephone Consumer Protection Act by Defendant's use of artificial or prerecorded voice messages to make and/or initiate calls to Plaintiff's and to class members' cellular telephone numbers. As evidenced by Defendant's continuing calling of Plaintiff, in violation of the TCPA, Defendant's policies and

procedures violate the TCPA on a continuing basis.

83.   Based on Defendant's pattern and practice of violating the TCPA, future
      violations will continue.

84.   The only way to prevent the Defendant from continuing to violate the TCPA
      is to enjoin the defendant from further use of artificial or prerecorded voice
      messages.

85.   Accordingly, Plaintiff, individually and on behalf of the Class, seeks
      injunctive relief pursuant to 47 U.S.C. § 227(b)(3)(A) to enjoin and prohibit
      Defendant from continuing use of artificial and prerecorded voice messaging.

86.   In the alternative, Plaintiff, individually and on behalf of the Class, seeks
      injunctive relief pursuant to 47 U.S.C. § 227(b)(3)(A) to enjoin and prohibit
      Defendant from continuing use of artificial and prerecorded voices without
      the prior express consent of the called party.

## COUNT THREE: MONETARY DAMAGES PURSUANT TO 47 U.S.C. §227(b)(3)(B) FOR IMPROPER USE OF AN AUTOMATIC TELEPHONE DIALING SYSTEM

87.   The acts of Defendant constitute violations of the Telephone Consumer
      Protection Act's prohibitions on the use of automatic telephone dialing
      systems and the regulations promulgated thereunder.

88.   Defendant made and/or initiated telephone calls using an automatic

16

telephone dialing system to telephone numbers assigned to a cellular

telephone service, in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 CFR

§ 64.1200(a)(1)(iii).

89.   As a result of Defendant's actions, Plaintiff and the members of the class are

entitled to an award of damages of $500.00 for each such violation pursuant

to 47 U.S.C. § 227(b)(3)(B).

90.   Defendant's violations were committed willfully.

91.   Defendant's violations were committed knowingly.

92.   Plaintiff, on behalf of herself and the class, requests the court treble damages

pursuant to 47 U.S.C. § 227(b)(3).


## COUNT FOUR: INJUNCTIVE RELIEF PURSUANT TO 47 U.S.C. §227(b)(3)(A) TO REQUIRE DEFENDANT CEASE UNLAWFUL USE OF AUTOMATIC TELEPHONE DIALING SYSTEMS

93.   The acts described above constitute violations of the Telephone Consumer

Protection Act by Defendant's use of an automatic telephone dialing system

to make and/or initiate calls to Plaintiff's and to class members' cellular

telephone numbers. As evidenced by Defendant's continuing calling of

Plaintiff, in violation of the TCPA, Defendant's policies and procedures

violate the TCPA on a continuing basis.

94.   Based on Defendant's pattern and practice of violating the TCPA, future

17

violations will continue.

95. The only way to prevent the Defendant from continuing to violate the TCPA is to enjoin the defendant from further use of an automatic telephone dialing system.

96. Accordingly, Plaintiff, individually and on behalf of the Class, seeks injunctive relief pursuant to 47 U.S.C. § 227(b)(3)(A) to enjoin and prohibit Defendant from continuing use of an automatic telephone dialing system.

97. In the alternative, Plaintiff, individually and on behalf of the Class, seeks injunctive relief pursuant to 47 U.S.C. § 227(b)(3)(A) to enjoin and prohibit Defendant from continuing use of an automatic telephone dialing system without the prior express consent of the called party.

## COUNT FIVE: BAD FAITH ATTORNEYS' FEES

98. Defendant willfully, knowingly, and intentionally violated the TCPA in initiating telephone calls using artificial or prerecorded voice messages and/or an automatic telephone dialing system to Plaintiff's and class members' cellular telephone numbers without prior express consent.

99. "Every intentional tort invokes a species of bad faith that entitles a person wronged to recover the expenses of litigation including attorney fees." *Tyler v. Lincoln*, 272 Ga. 118, 527 S.E.2d 1810 (2000).

100. "There is no requirement that a viable state law claim exist in order for the

symbol(s) relating to any of the above. These materials are very likely relevant to the litigation of this claim. If Defendant is aware of any third party who has possession, custody or control of any such materials, Plaintiff demands that Defendant request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the Defendant.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of herself, and the class he seeks to represent, as follows:

A.    Certification of this matter to proceed as a class action;

B.    Injunctive relief pursuant to 47 U.S.C. § 227(b)(3)(A);

C.    Damages in the liquidated amounts provided by statute pursuant to 47 U.S.C. § 227(b)(3)(B);

D.    Treble damages pursuant to 47 U.S.C. § 227(b)(3);

E.    Attorney's fees and litigation expenses of suit pursuant to O.C.G.A. § 13-6-11;

F.    Costs of this Action; and

G.    Such further and additional relief as the court deems just and proper.

Respectfully submitted,

**SKAAR & FEAGLE, LLP**

By:     /s/ James M. Feagle
        James M. Feagle
        Georgia Bar No. 256916
        jfeagle@skaarandfeagle.com
        Cliff R. Dorsen
        Georgia Bar No. 149254
        cdorsen@skaarandfeagle.com
        2374 Main Street, Suite B
        Tucker, GA 30084
        Tel:    (404) 373-1970
        Fax:    (404) 601-1855

        Justin T. Holcombe
        Georgia Bar No. 552100
        jholcombe@skaarandfeagle.com
        Kris Skaar
        Georgia Bar No. 649610
        kskaar@skaarandfeagle.com
        133 Mirramont Lake Drive
        Woodstock, GA 30189
        Tel:    (770) 427-5600
        Fax:    (404) 601-1855

        ATTORNEYS FOR PLAINTIFF

FILED 11/18/2016 3:55:01 PM CLERK OF SUPERIOR COURT DEKALB COUNTY GEORGIA

# General Civil Case Filing Information Form (Non-Domestic)

| **Court** | **County** DeKalb | **Date Filed** |
|---|---|---|
| ☑ **Superior** | | MM-DD-YYYY |
| ☐ **State** | **Docket #** 16CV12181 | |

**Plaintiff(s)**                                   **Defendant(s)**

TAYLOR, MORGAN A.                        PROFESSIONAL PLACEMENT SERVICES, LLC

| Last | First | Middle I. | Suffix | Prefix | Maiden | | Last | First | Middle I. | Suffix | Prefix | Maiden |
|---|---|---|---|---|---|---|---|---|---|---|---|---|

**No. of Plaintiffs** ___1___         **No. of Defendants** ___1___

**Plaintiff/Petitioner's Attorney**          ☐ **Pro Se**

Feagle, James M.
Last          First          Middle I.          Suffix

**Bar #** 256916

## Check Primary Type (Check only ONE)

☐ Contract/Account

☐ Wills/Estate

☐ Real Property

☐ Dispossessory/Distress

☐ Personal Property

☐ Equity

☐ Habeas Corpus

☐ Appeals, Reviews

☐ Post Judgement Garnishment, Attachment, or Other Relief

☐ Non-Domestic Contempt

☐ Tort (If tort, fill in right column)

☑ Other General Civil (Specify) Telephone Consumer Protection Act, 47 U.S.C. § 227

## If Tort is Case Type:
### (Check no more than TWO)

☐ Auto Accident

☐ Premises Liability

☐ Medical Malpractice

☐ Other Professional Negligence

☐ Product Liability

☐ Other (Specify)_____

_____

**Are Punitive Damages Pleaded?** ☐ Yes ☐ No

☑ I hereby certify that the documents in this filing (including attachments and exhibits) satisfy the requirements for redaction of personal or confidential information in O.C.G.A. 9-11-7.1

Exhibit "A"