UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MORGAN A. TAYLOR, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PROFESSIONAL PLACEMENT SERVICES, LLC and KOHL'S DEPARTMENT STORES, INC.,<br><br>Defendants. | Case No. 1:17-cv-00599-AT |

## FINAL APPROVAL ORDER AND JUDGMENT

This matter coming to be heard on Plaintiff Morgan A. Taylor's unopposed motion for final approval of the Parties' class action Settlement ("Motion"), due and adequate notice having been given to the Class,[1] and the Court having considered all papers filed and proceedings in this matter, it is HEREBY ORDERED, ADJUDGED and DECREED as follows:

---

[1] Unless otherwise defined herein, all capitalized terms have the same definition as set forth in the Settlement Agreement (ECF 59-1).

1. This Court has jurisdiction over the subject matter of the Action and personal jurisdiction over all parties to the Action, including all Class Members.

2. The Court preliminarily approved the Settlement Agreement by Preliminary Approval Order dated March 5, 2019, and notice was given to all members of the Class under the terms of the Preliminary Approval Order.

3. The Court has read and considered the papers filed in support of the Motion, including the Settlement Agreement and the exhibits thereto, memoranda and arguments submitted, and supporting declarations. The Court has also read and considered any written objections filed with the Clerk of the Court by Settlement Class Members. The Court held a hearing on August 29, 2019, at which time the Parties and all other interested persons were afforded the opportunity to be heard in support of and in opposition to the Settlement. Furthermore, the Court finds that notice under the Class Action Fairness Act was effectuated on January 18, 2019, and that ninety (90) days has passed without comment or objection from any governmental entity. The Court has received 0 objections regarding this Settlement.

4. Based on the papers filed with the Court and the presentations made to the Court by the Parties and other interested persons at the hearing, the Court now gives final approval to the Settlement and finds that the Settlement is

fair, adequate, reasonable, and in the best interests of the Class. Specifically, the complex legal and factual posture of the Action, and the fact that the Settlement is the result of arms' length negotiations support this finding.

      5.      Under Federal Rule of Civil Procedure 23(c), the Court certifies, for settlement purposes only, the following Class:

> The persons to whom a voicemail message was successfully transmitted to such person's cellular telephone voicemail by Professional Placement Services, LLC through use of VoApps, where there was a coding change from "C to B" as to the cellular telephone number, where any such successful transmission was made between November 18, 2012 through and including May 30, 2018, limited to subscribers or regular users of the telephone numbers on the Class List during that period.

The Court is informed that there are as many as 19,134 unique cellular telephones that PPS contacted as described above during this period.

      6.      Under Federal Rule of Civil Procedure 23, Plaintiff Morgan A. Taylor is hereby appointed as class representative and Burke Law Offices, LLC and Skaar & Feagle, LLP are appointed as Class Counsel.

      7.      With respect to the Class, this Court finds, for settlement purposes only, that: (a) the Class as defined above is so numerous that joinder of all members is impracticable; (b) there are questions of law or fact common to the Class; (c) the claims of the class representative, identified above, are typical of the claims of the Class; (d) the class representative will fairly and adequately protect the interests of the Settlement Class; (e) the questions of law or fact common to the

members of the Settlement Class predominate over the questions affecting only individual members, and (f) certification of the Class is superior to other available methods for the fair and efficient adjudication of the controversy. The Court further finds that: (A) the members of the Class have a limited interest in individually prosecuting the claims at issue; (B) that no other litigation commenced regarding the claims at issue by members of the Class warrants disapproval of this Settlement; (C) it is desirable to concentrate the claims in this forum; and (D) it is unlikely that there will be difficulties encountered in administering this Settlement.

8. The Court has determined that the Class Notice given to the Class Members, in accordance with the Preliminary Approval Order, fully and accurately informed members of the Class of all material elements of the Settlement and constituted the best notice practicable under the circumstances, and fully satisfied the requirements of Due Process, Federal Rule of Civil Procedure 23, and all applicable law.

9. Without objection from the parties, the Court finds that claimants who were mailed postcard notices based on Defendants' documentation of calling phone numbers associated with the claimants' addresses shall be deemed valid, regardless of whether the correct phone number was placed on the claim. Claimants whose claims were postmarked on or before August 29, 2019, are to be considered timely. The parties are ordered to complete the deficiency notice

process as to claimants who did not receive mailed notice. Deficiency notices are to be sent by September 4, 2019, and responses completed by Thursday September 19, 2019.

10. The Court finds that PPS properly and timely notified the appropriate state and federal officials of the Settlement Agreement under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715.

11. The persons who made timely and valid requests for exclusion are excluded from the Class and are not bound by this Final Approval Order and Judgment. The Court is informed – and finds – that no class member has requested exclusion from the class.

12. The Court orders the parties to the Settlement Agreement to perform their obligations thereunder. The Settlement Agreement shall be deemed incorporated herein as if explicitly set forth and shall have the full force of an order of this Court.

13. The Court dismisses this Action with prejudice and without costs (except as otherwise provided herein and in the Settlement Agreement) as to Plaintiff and all Class Members. The Court adjudges that the released claims described in the Settlement Agreement are released against the Released Parties.

14. The Court adjudges that Plaintiff and all Class Members shall be deemed to have fully, finally and forever released and relinquished their claims against the Released Parties, as specified in the Settlement Agreement.

15. The Court adjudges that after Final Approval, the above-described release and the Settlement Agreement will be binding on, and have *res judicata* and preclusive effect in all pending and future lawsuits or other proceedings maintained by or on behalf of, Plaintiff and all other Class Members. The Released Parties may file the Settlement Agreement and/or this Final Approval Order and Judgment in any action or proceeding that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

16. Without affecting the finality of this Final Approval Order and Judgment in any way, the Court retains exclusive jurisdiction over: (a) implementation and enforcement of the Settlement Agreement until the final judgment contemplated hereby has become effective and each and every act agreed to be performed by the parties hereto pursuant to the Settlement Agreement have been performed; (b) any other action necessary to conclude the Settlement and to administer, effectuate, interpret and monitor compliance with the provisions of the

Settlement Agreement; and (c) all parties to this Action and the Class Members for the purpose of implementing and enforcing the Settlement Agreement, including the bar order set forth in paragraph 14 above, and resolving all disputes arising from claims for payment under the Settlement.

17. The Court approves payment of attorneys' fees of $566,666.66 and costs and expenses of $7,777.61 to Class Counsel. This amount shall be paid from the Settlement Benefits in accordance with the terms of the Settlement Agreement. The Court, having considered the materials submitted by Plaintiff's counsel in support of final approval of the Settlement and their request for attorneys' fees, costs, and expenses and in response to the filed objections thereto, finds the award of attorneys' fees, costs, and expenses appropriate and reasonable for the following reasons: First, the Court finds that the Settlement provides substantial benefits to the Settlement Class. Second, the Court finds the payment fair and reasonable in light of the substantial work performed by Plaintiff's counsel. Third, the Court concludes that the Settlement was negotiated at arms' length and without collusion, and that negotiation of the attorneys' fees followed agreement on the settlement benefits for Class Members. Finally, the Court notes that the Class Notice specifically and clearly advised the Class that Class Counsel would seek the award.

18.     The Court approves the incentive fee payment of $15,000 for Morgan A. Taylor and specifically finds such amount to be reasonable in light of the service performed by Plaintiff for the Class. This amount shall be paid from the Settlement Benefits in accordance with the terms of the Settlement Agreement.

19.     Neither this Final Approval Order and Judgment nor the Settlement Agreement shall be construed or used as an admission or concession by or against either PPS or any of the Released Parties of any fault, omission, liability, or wrongdoing, or the validity of any released claims. This Final Approval Order and Judgment is not a finding of the validity or invalidity of any claims in this Action or a determination of any wrongdoing by PPS or any of the Released Parties. The final approval of the Settlement does not constitute any opinion, position, or determination of this Court, one way or the other, as to the merits of the claims and defenses of Plaintiff, the Class Members, or Defendants.

20.     The Court is informed – and finds – that there were no objections to the settlement at all. The Court finds that no just reason exists for delay in entering this Final Approval Order and Judgment. Accordingly, the Clerk is hereby directed forthwith to enter this Final Approval Order and Judgment.

DATED: <u>August 30, 2019</u>                         _____
                                                                          United States District Judge